UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| TYROSH BROWN, | )<br>) |
| Plaintiff, | ) Case No. 1:10-cv-586<br>) |
| v. | ) Honorable Paul L. Maloney<br>) |
| GRAND RAPIDS POLICE<br>DEPARTMENT, et al., | )<br>) **REPORT AND RECOMMENDATION**<br>) |
| Defendants. | )<br>) |

This is a civil rights action brought against the City of Grand Rapids and a number of City police officers. Plaintiff's complaint arises from an incident that occurred on some unidentified date in August of 2003. The allegations of the complaint are conclusory and do not attribute any particular conduct to any named defendant. Plaintiff does allege that officers came to his house and "beat and tortured" him, as well as his family. He alleges that the beating caused multiple injuries, including peripheral neuropathy, which has been diagnosed only recently. Plaintiff demands a money judgment against each defendant.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be

dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does require not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555. "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. The complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and citations omitted). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I conclude that plaintiff's *pro se* action is frivolous because it is barred by the statute of limitations.

## Discussion

Plaintiff's claims against the City of Grand Rapids and its police officers are clearly barred by the applicable statute of limitations. Where a meritorious affirmative defense based on the statute of limitations is obvious from the face of a complaint, *sua sponte* dismissal of the complaint as frivolous is appropriate. *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002). In the present case, plaintiff alleges that officers brutally beat him, causing multiple physical and emotional injuries, in August of 2003. Such claims are subject to a three-year statute of limitations. *See Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) ("We have held that the appropriate statute of limitations to be borrowed for section 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims.") (citing MICH. COMP. LAWS § 600.5805(10)).

The accrual date of a section 1983 cause of action is a question of federal law that is not resolved by reference to state law. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under the traditional federal rule of accrual, a tort cause of action accrues, and the statute of limitations begins to run, "when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. By the face of the complaint, the alleged beating by police officers resulted in damages in August 2003, and the statute expired in August of 2006.

Plaintiff, apparently aware of the untimeliness of his complaint, repeatedly alleges that he just recently discovered that he has peripheral neuropathy, a condition that plaintiff blames on the alleged beating.[1] Assuming for present purposes that plaintiff has only recently discovered the existence of peripheral neuropathy and that this condition is causally tied to the 2003 incident, this allegation is insufficient to defeat the statute of limitations. "The cause of action accrues even though the full extent of injury is not then known or predictable." *Wallace*, 549 U.S. at 391. Therefore, under federal authorities, the statute of limitations begins to run when the plaintiff knows or has reason to know of the allegedly wrongful act and of the existence of some injury. *See Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). In August 2003, immediately after the incident occurred, plaintiff had knowledge of all of the elements of his claim against the City and its officers, in that plaintiff had been subjected to an allegedly unconstitutional

---

[1] In support of his claim, plaintiff attaches a discharge summary from Spectrum Health Emergency Department, dated February 28, 2010. This document reflects a diagnosis of peripheral neuropathy "a condition that affects the nerves of the arms or legs" and which causes weakness in the muscles. The discharge summary indicates that neuropathy may be caused by exposure to certain drugs or chemicals, vitamin deficiency, or as a complication of a chronic disease such as diabetes or alcoholism. A ruptured disc may also cause this condition. The discharge summary does not purport to tie plaintiff's neuropathy to any physical trauma occurring seven years earlier.

beating and had suffered damage as a result. The fact that he attributes his present condition of peripheral neuropathy to the 2003 event has no effect on the statute of limitations.

On the foregoing basis, I conclude that plaintiff's claim is clearly barred by the three-year statute of limitations. In a related context, the Supreme Court has stated that the district court should give a plaintiff fair notice and an opportunity to respond before dismissing a lawsuit *sua sponte* on the basis of the statute of limitations. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). This report and recommendation shall therefore serve as notice to plaintiff that the court may dismiss his action as untimely. Plaintiff now has the opportunity to file objections to this report and recommendation and thereby bring to the attention of the district judge any reason why the case should not be dismissed on this ground.

### Recommended Disposition

I recommend that the complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2) on the ground of the statute of limitations.

Dated: June 30, 2010   /s/ Joseph G. Scoville
                        United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).