UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| TYROSH BROWN, | Case No. 1:10-cv-586 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Ellen S. Carmody |
| GRAND RAPIDS POLICE DEPARTMENT, KENTON COOPER, SUSAN CLARE, KURT BURNS, STEVEN CORKINS, THEODORE WHALEN, TODD BUTLER, THOMAS DOYLE, MICHAEL DUKE, SCOTT VOGRIG, RANDAL SMITH, and UNKNOWN GRAND RAPIDS POLICE OFFICERS, | |
| Defendants. | |

---

**OPINION and ORDER**

**Overruling the Plaintiff's Objections and Adopting the R&R;
Dismissing the Complaint as Barred by the Statute of Limitations;
Entering Judgment in Favor of the Defendants;
Terminating and Closing the Case**

Tyrosh Brown ("Brown") filed the complaint in June 2010 alleging that the Grand Rapids Police brutally beat him, causing physical and emotional injuries, and the case was automatically referred, pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), to the Honorable Joseph G. Scoville, United States Magistrate Judge, who granted him *in forma pauperis* status. On Wednesday, June 30, 2010, the Magistrate Judge issued a Report and Recommendation ("R&R"), which was sent to Brown by regular first class U.S. Post Office mail on Thursday, July 1, 2010. Plaintiff filed a timely

document purporting to lodge an objection on Friday, July 16, 2010.[1] It is doubtful whether plaintiff's objection is sufficient to trigger *de novo* review of the R&R, but the court has considered it.[2]

**The court finds the R&R to be well-reasoned and the plaintiff's objection does nothing to identify any legal or factual defect therein.** For the reasons explained by the R&R, Brown's complaint is untimely. As the Magistrate correctly notes, 28 U.S.C. § 1915(e) requires a district court to dismiss a complaint *sua sponte* as frivolous if a meritorious affirmative defense is obvious from the

---

[1]

A party has fourteen days to file objections after being served with an R&R, instead of ten. *See* 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72 and W.D. MICH. LCIVR 72.3(b)). The fourteen days did not start until the day after Brown received the R&R in the mail, *see* FED. R. CIV. P. 6(a)(1)(A) (when calculating a time period, the period does not begin until the day after the event that triggers the right or obligation), and the court counts all calendar days, including weekends and federal holidays, *see* FED. R. CIV. P. 6(a)(1)(B).

[2]

"'Only those objections that are specific are entitled to a *de novo* review under the statute.'" *Westbrook v. O'Brien*, 2007 WL 3462337, *1 (W.D. Mich. Nov. 15, 2007) (Maloney, J.) (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (no *de novo* review where the objections are frivolous, conclusory or too general because the burden is on the parties to "pinpoint those portions of the Magistrate's report that the district court must specifically consider")).

*See, e.g., Fairfield v. Wacha*, 2008 WL 584940, *2 (W.D. Mich. Feb. 28, 2008) (Maloney, J.) ("Fairfield's objection does not cite any case law or any Constitutional, statutory or regulatory provisions, and he does not attempt to *substantively* address any of the Magistrate Judge's legal reasoning or conclusions. [T]hese failings render Fairfield's purported objection the same as no objection at all.") (citing, *Wallace v. Adams*, 51 F.3d 274, 1995 WL 141385 (6th Cir. Mar. 24, 1995) (p.c.) and *Bates v. Chapleau*, 37 F.3d 1498, 1994 WL 532937 (6th Cir. Sept. 30, 1994) (p.c.));

**When a party purports to incorporate by reference arguments, evidence or authorities presented in prior filings, he has lodged an unavailing general objection.** *See Smith v. Konteh*, 2009 WL 799095, *2 (W.D. Mich. Mar. 23, 2009) (habeas corpus petitioner failed to satisfy the requirement of a specific and supported objection by stating, "Petitioner respectfully objects to all the magistrate['s] proposed findings on the grounds previously stated in petitioner's . . . petition . . . .") (citing *Miller v. Palmer*, 2008 WL 4457838, *2 (E.D. Mich. Sept. 30, 2008) ("An objecting party may not simply 'incorporate by reference' earlier pleadings; similarly[,] merely reproducing an earlier unsuccessful motion . . . is not a sufficient objection to the magistrate judge's analysis, and will ordinarily be treated by the court as an unavailing general objection.") (citing *Howard v. HHS*, 932 F.2d 505, 508 (6th Cir. 1991)), *recon. denied*, 2008 WL 5102254 (E.D. Mich. Dec. 1, 2008)), *recon. den.*, 2010 WL 1811634 (W.D. Mich. Apr. 27, 2009).

face of the complaint. R&R at 3; *see also Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Castillo v. Grogan*, 52 F. App'x 750, 752 (6th Cir. 2002) and *Widner v. Bracke*, No. 99-6328, 229 F.3d 1155, 2000 WL 1140693, *2 (6th Cir. Aug. 7, 2000)). The appropriate statute of limitations for a 42 U.S.C. § 1983 in Michigan is indeed the three-year period governing personal-injury claims, Mich. Comp. Laws § 600.5805(10). R&R at 3; *see also Aslani v. Sparrow Health Sys., Inc.,* 2009 WL 3711602, *6 (W.D. Mich. Nov. 3, 2009) (Maloney, C.J.) ("Because 42 U.S.C. sections 1981, 1983 and 1985(e) do not provide their own statutes of limitation, the court 'borrows' the most closely analogous statute of limitations in the State where the events giving rise to the claim occurred.") (citing *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985)).

While the court looks to state law to identify the applicable statute of limitations, federal law governs when the limitations period began to run. R&R at 4; *see also Breeding v. Lange*, 2009 WL 2901195, *8 (W.D. Mich. Sept. 3, 2009) (citing *Owens v. Okure*, 488 U.S. 235, 239-41 (1989) and *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003)). Because the alleged beating occurred and resulted in damages in August 2003, the limitations period expired in August 2006 unless Brown shows that he did not even know, until some time less than three years before he filed the instant complaint, that he was injured as a result of the allegedly unconstitutional police use of force in August 2003. Brown has not come close to making this showing. He may plausibly claim that he did not know the nature and full extent of his injuries caused by the beating until February 2010, when he may have first received a diagnosis of peripheral neuropathy, but under federal law a cause of action accrues even though the full extent of the injury is not then known or predictable. R&R at 4; *see also Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009) (citing *Hermansen v. Schickel*, No. 99-5230, 202 F.3d 268, 1999 WL 1282438, *1 (6th Cir. Dec. 27, 1999) (prisoner's cause of action for deliberate indifference to known serious medical need accrued on or very shortly after March 9, 1997, when

prison officials allegedly knowingly delayed surgery for a knuckle he broke during a fight and then refused or failed to take him to surgery and rehabilitation appointments in a timely manner, and no later than his transfer from that jail in July 22, 1997, even though the full extent of his injury was not known until later)).

Brown merely asserts that he was not aware of the particular condition which caused the numbness, aching, throbbing and pain in his hands and wrists. Brown's objection reads as follow, in pertinent part,

> Now we gone [are going to] exclude all the other injuries caused by the office[r]s beating the plaintiff, and (focuse [sic] only) on the injuries they caused to the Plaintiff[']s [w]rists hands and arms by them hand cuffing him with 2 handcuffs to[o] tight for too long, that caused him to be (forever damaged) and diagnos[e]d with (Peripheral Neuropathy) where his hands go numb all the time, and his hands [w]rists and arms ache and throb all the time, som[e]thing he the Plaintiff just recently discovered and came to understand why and what is wrong with him, defendants say the Plaintiff had knowledge of all of the elements of his claim, to the beating the[y] inflicted on him, he knew of the pain from the bearing, but the injuries that was caused to his, hands, [w]rists, and arms, he did not know or understand what was wrong wit[h].
>
> Just like if a person was exposed to some poison while breathing it in they could recognize it hurts or violates when they breath it in for years or burn the[ir] eyes, then later have severe complications years later, and not know or understand why or how they['re] having complications, until they see a doctor from the destruction caused to them that they been filling [feeling] that they can't understand.
>
> Now lawfully the defendants can[']t dispute none of this, proof shows the Plaintiff clearly just discovered what and why his hands [w]rist and arms have these sever[e] damages, and know doubt the grand rapids police officers caused it, and a[i]n[']t nothing frivolous about his law suit, and it a[i]n[']t barred by the year limitations, cause clearly this was just recently discovered less than 6 months ago what the law al[l]ows.

P's Objection (Doc 7) at 2-4. But where the defendant or the court has "highlighted the apparent untimeliness of the complaint, plaintiffs may not simply rely on the bare assertion that they were unaware of the facts underlying their cause of action." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) ("Where, as here, defendants have) (citing *LRL Props. v. Portage Metro. Hsg.*

4

*Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995) and *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992)). Moreover, based on Brown's own account of his symptoms following the alleged beating, the court finds that he was necessarily aware that the beating had injured him right after the alleged beating and was continuously aware of that fact going forward. It is immaterial whether he knew the exact nature or extent of the injuries or the name of the medical condition causing these very tangible symptoms.

**ORDER**

The plaintiff's objections [document # 7] are **OVERRULED**.

The Report & Recommendation [document # 6] is **ADOPTED**.

The complaint is **DISMISSED** as barred by the statute of limitations.

This case is **TERMINATED** and **CLOSED**.

The separate judgment required by FED. R. CIV. P. 58 shall issue contemporaneously.

This is a final order.[3]

**IT IS SO ORDERED this 6th day of August, 2010**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

[3] It is not clear whether Brown's purported objection to the R&R is sufficient to preserve his right to appeal this order adopting the R&R. If it is sufficient, the Circuit reviews *de novo* a district court's decision to dismiss a complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2). *See Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008).