UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

TYROSH BROWN,                          )
                                       )
        Plaintiff,                    )   Case No. 1:10-cv-586
                                       )
v.                                     )   Honorable Paul L. Maloney
                                       )
GRAND RAPIDS POLICE                    )
DEPARTMENT, et al.,                    )
                                       )
        Defendants.                   )
_____)

## ORDER DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

       This was a civil rights action alleging excessive use of force by officers of the Grand Rapids Police Department in effecting plaintiff's arrest in the year 2003. By opinion and order entered August 6, 2010, the court found that plaintiff's complaint, filed on June 21, 2010, was clearly barred by the three-year statute of limitations applicable to section 1983 actions. The court's judgment followed *de novo* review of plaintiff's objections to a report and recommendation of the magistrate judge. Plaintiff has now filed a timely notice of appeal.

       Under Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, a party who has proceeded *in forma paupers* in the district court is entitled to pauper status without further authorization on appeal, unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding. FED. R. APP. P. 24(a)(3)(A); *see Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999). Likewise, 28 U.S.C. § 1915(a)(3) provides that an appeal may not

be taken *in forma pauperis* "if the trial court certifies in writing that the appeal is not taken in good faith." Where, as here, the party seeking to appeal *in forma pauperis* is not a prisoner, the court must screen the proposed appeal to determine whether it meets these standards. *Callihan*, 178 F.3d at 803. Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure and section 1915(a)(3) establish an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Rickner v. Caruso*, No. 1:08-cv-139, 2010 WL 2854298, at * 3 (W.D. Mich. July 19, 2010) (Maloney, C.J.). In order to meet the good-faith standard, an appellant must show that the appeal presents a substantial question that is not frivolous. *Ishaaq v. Compton*, 900 F. Supp. 935, 945 (W.D. Tenn. 1995); *Oswald v. Graves*, 819 F. Supp. 680, 685 (E.D. Mich. 1993).

Rule 24(a)(1) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915(a)(1) require an affidavit by plaintiff identifying the issues the party intends to present on appeal which support his belief that he is a person entitled to redress. FED. R. APP. P. 24(a)(1)(B), (C); 28 U.S.C. § 1915(a)(1); *see Boling-Bey v. U.S. Parole Comm'n*, 559 F.3d 1149, 1153 n.6 (10th Cir. 2009). This is designed to assist courts in the process of determining whether an appeal is taken in good faith. *See Callihan*, 178 F.3d at 803 ("[T]he district court must ascertain both the individual's pauper status and the merits of the appeal."); *Powell v. Alcoa High Sch.*, No. 3:10-cv-212, 2010 WL 3087387, at * 2 (E.D. Tenn. Aug. 5, 2010). A district court does not abuse its discretion in denying an *in forma pauperis* motion that is not accompanied by a sworn affidavit or declaration as required by 28 U.S.C. § 1915(a)(1) and Rule 24(a)(1) of the Federal Rules of Appellate Procedure. *See Flippin v. Massey*, 86 F. App'x 896 (6th Cir. 2004); *Reynolds v. Federal Bureau of Prisons*, 30 F. App'x 574 (6th Cir. 2002).

Plaintiff has not filed the affidavit required by section 1915(a) and Rule 24(a). This, standing alone, is sufficient cause to deny plaintiff leave to appeal *in forma pauperis*, as plaintiff has

provided the court no assistance in fulfilling its duty to review the possible merit of plaintiff's appeal. As the court's judgment was based upon a single issue -- the expiration of the statute of limitations -- the court assumes that any affidavit submitted by plaintiff would address this issue. The court discerns no substantial basis for any argument in favor of the timeliness of plaintiff's complaint. Without rehashing the findings made in the court's opinion and order of August 6, 2010, the court merely reiterates that plaintiff's own allegations clearly demonstrate that the statute began to run on the day of arrest, as plaintiff alleges that he suffered serious injuries that day. The fact that plaintiff now suffers neuropathy that he believes was caused by the arrest in 2003 does not cause the statute to begin to run anew. The court therefore concludes that any appeal would be frivolous and a waste of the limited resources of the Court of Appeals. Accordingly:

IT IS ORDERED that plaintiff be and hereby is DENIED leave to appeal *in forma pauperis*, the court finding that any appeal would be taken in bad faith.


Dated: September 8, 2010          /s/ Paul L. Maloney
                                  Paul L. Maloney
                                  Chief United States District Judge